USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                     :
EJUP MASHKULLI, *on behalf of himself and others*                    :
*similarly situated*,                                                :
                                                                     :
                                                                     :        1:26-cv-3774-GHW
                                                Plaintiff,           :
                                                                     :        ORDER
                               -v -                                  :
AVANTI PIZZA 1, INC., *et al.*,                                      :
                                                                     :
                                                                     :
                                                Defendants.          :
------------------------------------------------------------------- X


GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action on May 6, 2026, asserting claims based on Defendants'

alleged failure to pay overtime wages.  Dkt. No. 1 ("Compl.") ¶ 56.  The complaint alleges that

venue is proper in this district "because the Corporate Defendant's principal place is business is

located within the Southern District of New York."  *Id.* ¶ 6.

Because Plaintiff is an individual residing in Richmond County, New York, *id.* ¶ 7, because

the corporate defendants are New York corporations with a shared principal places of business in

Staten Island, New York, *id.* ¶¶ 15, 23, and because the events giving rise to Plaintiff's claims arose

in the Eastern District of New York and not this District, the Court issued an order to show cause

as to why this case should not be transferred to Eastern District of New York on May 7, 2026.  Dkt.

No. 13.  In that order, the Court noted that there "are no allegations in the complaint describing the

occurrence of events or the residence of any defendant (aside from the allegation that one of

Apogee's two principal places of business is located in this District) in the Southern District of New

York."  *Id.* at 1.  The Court also noted that "the Court is inclined to transfer this case to the Eastern

District of New York pursuant to 28 U.S.C. § 1406(a)."  *Id.* at 2.  Finally, the order gave Plaintiff

until no later than May 11, 2026 to show cause as to why the case should not be transferred to the Eastern District of New York (or to consent to transfer).  *Id.*; *see* 28 U.S.C. § 1406(a).

On May 7, 2026, Plaintiff consented to transfer this case to the Eastern District of New York.  Dkt. No. 14.  Accordingly, this case is hereby transferred to the Eastern District of New York.

The Clerk of Court is directed to transfer this case to Eastern District of New York without delay.  Plaintiff is directed to serve a copy of this order on Defendants and to retain proof of service.

SO ORDERED.

Dated: May 7, 2026
      New York, New York

                                              _____
                                                  GREGORY H. WOODS
                                         United States District Judge